## Debra TALBERT *v.* U.S. BANK

07-497                                                     266 S.W.3d 741

### Supreme Court of Arkansas
### Opinion delivered November 1, 2007

*Bradley J. Williams*, for appellant.

*Herbert C. Rule, III*, for appellee.

PER CURIAM. Appellant Debra Talbert appeals the Pulaski County Circuit Court's order granting Appellee U.S. Bank's motion for summary judgment. Because Appellant has submitted a brief without a proper abstract in violation of Ark. Sup. Ct. R. 4-2 (a)(5), we order rebriefing.

Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief and states:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies,

the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

*Id.*

■ In the case at bar, a hearing was held on January 8, 2007, in which counsel for both parties discussed with the trial court the merits of Appellee's summary-judgment motion. Among the issues discussed was whether Appellee waived its right to collect an amount of $15,000 from Appellant because it failed to place a permanent hold on her account. While Appellant argued Appellee's waiver of its claim for the $15,000 as one of her points on appeal, Appellant failed to abstract the discussion of that issue, which occurred during the summary-judgment hearing below. Here, as Appellant has failed to comply with this Rule, we order Appellant to properly abstract the entire transcript of the January 8 hearing and to file a substituted brief within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if Appellant fails to file a complying brief within the prescribed time, the order appealed from may be affirmed for noncompliance with the Rule.

After service of the substituted brief, Appellee shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that it has previously filed in this appeal.

Rebriefing ordered.